UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KOFI OBENG-AMPONSAH, | ) | CASE NO. EDCV 16-1054-R |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE FOR |
| | ) | FAILURE TO COMPLY WITH COURT |
| v. | ) | ORDER |
| | ) | |
| DON MIGUEL APARTMENTS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to this Court's Order Granting in Part Defendants' Motions to Dismiss and Granting in Part Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 94), Plaintiff Kofi Obeng-Amponsah ("Plaintiff") was granted leave to file a Second Amended Complaint ("SAC") to clarify his claims and to cure deficiencies related to his second, third, fifth, and eighth causes of action. Plaintiff's SAC was due no later than March 18, 2019. Plaintiff has not filed a SAC as of the date of this Order, nor has he requested additional time to do so.

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss an action for failure to comply with any order of the court. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, 'in the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Id.* (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).

In determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61 (citing *Thompson*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)).

Here, the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal. This case was filed in May 2016, and since then it has consumed significant time that could have been devoted to other matters on the Court's docket.

The risk of prejudice to Defendants due to Plaintiff's failure to amend as ordered is significant. All causes of action contained in the First Amended Complaint ("FAC"), except for the fourth and ninth, are deficient to some extent. Additionally, Plaintiff requested and was granted leave to amend his entire FAC to correct various errors and omissions identified by Plaintiff himself. The proposed SAC included substantial changes to Plaintiff's fourth cause of action, which was not previously dismissed. The proposed SAC contains no changes to the ninth cause of action; however, that cause of action is derivative of Plaintiff's other causes of action, which were found to be deficient and have not since been amended. Without Plaintiff following through with his own requested amendment and addressing the specific issues raised by this Court, Defendants cannot fully and adequately prepare to answer the proposed SAC.

The public policy favoring disposition of cases on their merits virtually always weighs against outright dismissal; however, that policy should not control here where all other factors support dismissal.

Finally, the Court has considered the possibility of less drastic alternatives; however, given Plaintiff's non-responsiveness to the Court's order filed over two weeks ago, it is difficult to see any alternatives being effective. Plaintiff has not made a filing related to this case since April 2017, when he appealed this Court's prior order dismissing the case on the basis of the *Noerr-*

*Pennington* doctrine.  Moreover, Plaintiff has been warned through this Court's Standing Civil Order Re: Notice to Counsel that noncompliance with the Local Rules and Federal Rules of Civil Procedure "may lead to the imposition of sanctions which may include the striking of pleadings and entry of judgment or dismissal of the action."  Under these circumstances, it seems possible, if not likely, that Plaintiff may not respond to less drastic measures.  Accordingly, this Court finds that dismissal of the action for failure to comply with a court order is appropriate.

**IT IS HEREBY ORDERED** that this case is dismissed for Plaintiff's failure to comply with this Court's Order.

Dated: March 28, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE