**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KOFI OBENG-AMPONSAH,

    Plaintiff,

  v.

DON MIGUEL APARTMENTS, et. al,

    Defendants.

Case No. 5:16-cv-01054-PA (AFMx)

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Report and Recommendation of United States Magistrate Judge ("Report") issued on May 17, 2021 (ECF 272), the Objections and Affidavit filed by Plaintiff on July 12, 2021 (ECF 289-290), the Amended Memorandum in Support of Objections filed on July 13, 2021 (ECF 294), the additional exhibits submitted by Plaintiff on July 13, 2021 (ECF 293), and Defendants' Reply to Plaintiff's Objections (ECF 292). After engaging in a *de novo* review of those portions of the Report to which objections have been made, the Court concludes that Petitioner's Objections lack merit.

As set forth in detail in the Report, Plaintiff has failed to comply with orders from the Magistrate Judge directing him to fulfill his discovery obligations. In particular, the following is undisputed:

- On April 5, 2021, the Magistrate Judge granted Defendants' motion to compel responses to Defendants' Set One Discovery Requests and ordered Plaintiff to serve responses to those requests on or before April 19, 2021. Plaintiff failed to do so.
- On March 30, 2021, the Magistrate Judge ordered Plaintiff to provide a date on which to complete his deposition on or before April 2, 2021. Plaintiff failed to do so.
- On April 5, 2021, the Magistrate Judge set Plaintiff's deposition for April 12, 2021. Plaintiff failed to appear.
- On April 23, 2021, the Magistrate Judge ordered Plaintiff to file and serve an opposition to Defendants' motion to dismiss under FRCP Rule 37 on or before May 7, 2021. Plaintiff failed to do so.

In his Objections and associated Affidavit, Plaintiff sets forth a litany of contentions that can be divided into two categories: (1) those aimed at demonstrating that defense counsel engaged in misconduct and (2) those describing personal circumstances and problems that he contends excuse his failures to comply with his obligations. As discussed below, none undermines the Report's conclusion that Defendants' motion should be granted.

Plaintiff argues that defense counsel filed "bogus motions" to frustrate him and that Defendants' requests for production of documents were intended to harass him because they sought production of documents already attached to Plaintiff's complaints. This, however, fails to explain why Plaintiff did not file an opposition to Defendants' motion to compel discovery responses or why Plaintiff failed to comply with the Magistrate Judge's order directing him to provide the discovery responses by April 19, 2021. Plaintiff's Affidavit appears to state that he served defense counsel with responses to the requests for production of documents and interrogatories on April 28, 2021. (ECF 290 at 7.) But, even if true, that does not show compliance with the order requiring responses by April 19, 2021. As for Plaintiff's contention that

defense counsel "profiled" him by claiming that Plaintiff's accent made him difficult to understand, the record does not reflect any such profiling, and in any event, this does not explain why Plaintiff failed to appear at his deposition as ordered by the Court.

Plaintiff further contends that his personal circumstances and difficulties excuse his non-compliance with the discovery orders. Specifically, Plaintiff asserts: (1) He was homeless from December 2020 until April 25, 2021, slept in his car or in hotel rooms, and stored his possessions (including a printer) in a storage facility. (2) His car broke down in December 2020, and after spending $1,400 on futile repairs, he purchased a used car. That car could not pass a smog test even after another $700 in repairs and, as a result, moving it required permits from the DMV. (3) On March 30, 2021, he broke both his cell phone and his printer and "lost communication" with "his contacts" from March 30, 2021 to April 15, 2021 when his phone was repaired. (4) Plaintiff did not have access to a personal printer from March 30, 2021 until April 7, 2021 when he purchased a new printer. (5) On or around April 25, 2021, Plaintiff began to feel ill and eventually tested positive for COVID. (ECF 290 at 4-13.)

Despite these contentions, the record reflects that Plaintiff engaged in willful disregard of the Magistrate Judge's discovery orders. To begin with, Plaintiff cannot demonstrate that any of these circumstances prevented him from complying with the order requiring him to provide his discovery responses by April 19. Plaintiff was able to file numerous documents during the period he was homeless and dealing with his car and lack of access to his possessions. (*See*, *e.g*., ECF 176, 187, 188, 191-193, 199-201, 209, 216.) To the extent Plaintiff now complains that Defendants' discovery requests were improper, he failed to present any such claim to the Court in opposition to Defendants' motion to compel discovery responses or in opposition to Defendants' motion to dismiss under Rule 37.

While Plaintiff alleges that he was not served with Defendants' Motion to

Dismiss Under Rule 37, he also concedes that he was aware that the Motion to Dismiss had been filed and that his opposition was due by May 7, 2021. (ECF 290 at 13-14; *see also* ECF 290 at 87.) Nevertheless, Plaintiff did not alert the Court to the alleged lack of service, did not oppose the motion to dismiss on the ground that he had not been served, and did not request additional time within which to oppose the motion. Instead, he waited until July 7, 2021 – two months after his opposition was due and more than seven weeks after the Magistrate Judge issued the Report recommending that Defendants' motion be granted – to raise his allegation regarding lack of service. Plaintiff also sent defense counsel letters dated June 12 and June 19, 2021, in which he continued to complain that he had not been served with a copy of Defendants' motions. (ECF 290 at 88, 89.) In light of Plaintiff's ability to prepare these letters, one of which indicates that he was able to drive to his process server in Santa Ana, there is no explanation for his decision not to file anything in this Court raising his allegations sooner. Perhaps to explain these failures, Plaintiff alleges that he was "afraid to file a motion for protective order" due to the Court's "continuing threats of sanctions, and/or dismissal of my action if I were to file any motion." (ECF 290 at 6.) Yet the record demonstrates that Plaintiff has not hesitated to file voluminous pleadings when it suited him, and he has exhibited no reluctance to make accusations of bias, discrimination, and abuse of judicial powers. (*See* ECF 268, 290 at 16-23.)

Moreover, nothing in the Objections justifies Plaintiff's refusal to provide a date for his deposition as ordered by the Court or his failure to attend his deposition on the date set by the Court. Plaintiff was present during the March 30, 2021 telephonic conference in which the Magistrate Judge ordered him to provide a date for his continued deposition by April 2, 2021. Plaintiff concedes that he was aware of this deadline, but states that, "due to unforeseen circumstances [namely, the loss of his cell phone and printer], I was unable to do so." (ECF 290 at 10.) Litigants, however, are expected to maintain contact with the parties and the Court, and there

are methods of doing so that do not require a cell phone or a personal printer. Without more, the loss of his cell phone and printer does not explain Plaintiff's failure to contact defense counsel or the Court before April 2, 2021. Indeed, even after the loss of his cell phone and printer, Plaintiff was able to prepare a 22-page Reply to Defendant's Opposition to Plaintiff's Motion to Dismiss/Strike the Answer (signed March 31, 2021), serve it on Defendants (Proof of service dated April 2, 2021), and file it in this Court on April 5, 2021. (ECF 241.)

As to his failure to appear for his Court-ordered deposition, Plaintiff argues that he was not aware that it had been set for April 12, 2021. (ECF 290 at 11.) However, there is no dispute that the order setting the date for the deposition was mailed to Plaintiff by the Court and by Defendant. Moreover, any lack of knowledge by Plaintiff can only be attributable to a willful dereliction of his obligation as a federal court litigant. Plaintiff's Affidavit reveals that he had sufficient funds to spend substantial amounts fixing his car, renting hotel rooms and a storage unit, purchasing a new printer, and signing a lease on a house. Thus, there is no reason why he could not have paid for a taxi to the post office to check his mail, purchased a new phone, or borrowed a phone to contact the Court. Knowing that the deposition date would be set by the Court, Plaintiff was obligated to contact the Court or opposing counsel to inform himself of that date. The fact that Plaintiff never contacted the Court to inquire about the status of his continued deposition even after Plaintiff regained possession of his cell phone on April 15, 2021 plainly shows that he never intended to attend it.

Finally, Plaintiff's assertion that he began to feel "tired, et al." beginning April 25, 2021 does not justify his failures, nearly all of which occurred before that date. Plaintiff admits that he received mail from the Court on April 27, 2021 and May 1, 2021 (ECF 290 at 87), which undermines his claims that he was unable to receive mail because of lack of transportation or physical illness. In addition, Plaintiff was well enough to send a letter to defense counsel on May 3, 2021, in which he

acknowledges receipt of the Court's orders and his obligation to file oppositions to Defendants' motions to dismiss on or before May 7, 2021. (ECF 290 at 87.)

In sum, Petitioner's Objections are insufficient to demonstrate that his failures to comply with the Magistrate Judge's discovery orders were anything but willful. Accordingly, the Objections are overruled, and the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Defendants' motion to dismiss under Fed. R. Civ. P. 37 (ECF 249) is GRANTED; (3) Defendants are awarded $200 as reasonable expenses incurred in connection with this motion; and (4) Judgment shall be entered dismissing the action with prejudice.

DATED:  July 22, 2021

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE